Requestor: James E. Konstanty, Esq., County Attorney County of Otsego County Office Building 197 Main Street Cooperstown, N Y 13326-1129
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a county may enact a local law subject to referendum, phasing out over a ten-year period the use of gasoline and diesel motors on boats on Otsego Lake.
It has long been established that a municipality may conduct a referendum only if specifically authorized by the State Legislature. Op Atty Gen (Inf) No. 91-18. See, for example, sections 23 and24 of the Municipal Home Rule Law subjecting local laws dealing with specific subjects to mandatory referendum and referendum on petition. We are not aware of any authorization for the conduct of a referendum regarding the proposed local law. On a more basic level, you have inquired whether there is authority for a county to phase out the use of gasoline and diesel motor boats on a lake within its borders.
The State Navigation Law has established a scheme for the regulation of vessels on the navigable waters of the State. Masters or operators of vessels at all times must navigate in a careful and prudent manner and at a rate of speed so as not to interfere unreasonably with the free and proper use of the navigable waters of the State or endanger unreasonably any vessel or person. Navigation Law § 45(1). No vessel may be operated within 100 feet of the shore, a dock, pier, raft, float or an anchored or moored vessel at a speed exceeding five miles per hour except for purposes of water skiing or to measure the vessel's decibel level in accordance with section 44-d of the Navigation Law. Id., § 45(2). The legislative body of a county is authorized to establish vessel regulation zones whereby it may adopt regulations for the use of a lake or part of a lake or other body of water within the county in order to promote safety and in the best interests of the county. Id. § 46. Upon establishment of vessel regulation zones, the county must construct a sign board facing the water indicating the presence of the zone and posting the rate of speed limited in that area. Ibid. In a prior opinion of this office, we traced the legislative history of section 46 of the Navigation Law.
 "Section 46 derived from former section 68 of the Navigation Law of 1909 (L 1931, ch 379). Section 68 authorized counties to establish motor boat regulation zones. There was no authority, however, for counties to adopt regulations applicable in such zones. Former section 69 established specific rules governing the operation of motor boats within these zones. These rules provided for a speed limit of ten miles per hour for boats operating within a zone and provided generally that such boats be operated in a `careful and prudent manner' (Navigation Law of 1909, § 69[1], [2], [3]). Such rules did not prohibit boats from operating within zones but merely regulated their speed and manner of operation. The purpose of former sections 68 and 69 was to permit counties to deal with the increasing number of boating accidents brought about by the proliferation and increased speed of boats on navigable waters (see, Sponsor's Memorandum, dated April 8, 1931, to Samuel J. Rosenman, Counsel to the Governor, in relation to Assembly Int 1026, later enacted as chapter 379 of the Laws of 1931).
 "Upon the revision of the Navigation Law by chapter 941 of the Laws of 1941, former section 68 was renumbered section 46. Section 46 continued local authority to establish vessel zones, added local authority to adopt regulations applicable in such zones, and also added the requirement that the locality post a sign `with the rate of speed limited in that area'. Omitted from section 46 was the specific speed limit of ten miles per hour which had been made applicable in zones by former section 69. The remaining rules of section 69, which generally required that boats within zones be operated in a `careful and prudent manner', were renumbered section 45 and now apply generally to vessels on all navigable waters, not solely those waters within vessel regulation zones (L 1941, ch 941)."
1983 Op Atty Gen (Inf) 199.
We concluded in our 1983 opinion that the Legislature intended to authorize localities, through the establishment of a vessel regulation zone, to set vessel speed limits and establish other regulations within the zone. We found no intent to permit localities to ban completely certain kinds of vessels from the zones. Also, we pointed to section45 of the Navigation Law, applicable to vessels in all navigable waters, which requires that vessels be navigated in a careful and prudent manner and at a reasonable rate of speed as a further indication that the Legislature did not authorize localities to prohibit the use of certain vessels.
We note, however, that the Navigation Law has been amended on numerous occasions to establish regulations applicable on specific bodies of water. Sections 44-a, et seq. You might consider proposing State legislation to regulate boating on Otsego Lake.
We conclude that a county is without authority to enact a local law phasing out the use of gasoline and diesel motor boats on a lake within its borders.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.